BLANK ROME LLP
Caroline Donelan (SBN 268762)
caroline.donelan@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

Attorneys for Defendant,
M.A.C. COSMETICS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHARDE MONCREASE, an individual, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE MARSHALL RETAIL GROUP, LLC, a Delaware Limited Liability Corporation; M.A.C. COSMETICS INC., a Delaware Stock Corporation; and DOES 1 through 50, inclusive.<br><br>Defendants. | Case No. 3:25-cv-10940<br><br>[Removed from Superior Court of California, County of San Francisco, Case No. CGC-25-631033]<br><br>**DEFENDANT M.A.C. COSMETICS, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**(28 U.S.C. §§ 1332, 1441 & 1446)**<br><br>State Action Filed: November 6, 2025 |

**TO THIS HONORABLE COURT, PLAINTIFF AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant M.A.C. COSMETICS, INC. ("M.A.C." or "Defendant") hereby removes the above-captioned matter from the Superior Court of the State of California, San Francisco County, to the United States District Court for the Northern District of California. The grounds for removal are as follows:

STATEMENT OF JURISDICTION (L.R. 8-1)

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d), and removal is proper under 28 U.S.C. § 1441 and 1446, because this is a putative class action that: (a) involves not less than 100 proposed class members; (b) is between citizens of different states; and (c) has an aggregate amount in controversy in excess of $5,000,000, excluding interests and costs.

CLAIMS AND PROCEDURAL HISTORY

2. On November 6, 2025, Plaintiff SHARDE MONCREASE ("Plaintiff"), individually and "on behalf of all others similarly situated," filed a Class Action Complaint in the Superior Court of California, County of San Francisco (the "Complaint"), entitled *Sharde Moncrease v. The Marhsall Retail Group, LLC, a Delaware Limited Liability Company; M.A.C. Cosmetics Inc., a Delaware Stock Corporation; and DOES 1-50,* Case No. CGC-25-631033 (the "State Court Action").

3. In the Complaint, Plaintiff asserts class and individual claims for: (1) failure to pay minimum wages [Cal. Labor Code §§ 510, 1194, 1197]; (2) failure to pay wages and overtime [Cal. Labor Code §§ 204, 510, 558, 1194, 1198, 1199]; (3) failure to provide meal periods [Cal. Labor Code §§ 226.7, 512]; (4) failure to provide rest periods [Cal. Labor Code §§ 226.7, 512]; (5) wage statement violations [Cal. Labor Code § 226]; (6) failure to maintain payroll records [Cal. Labor Code

§§ 1174]; (7) failure to pay timely wages [Cal. Labor Code § 204]; (8) waiting time penalties [Cal. Labor Code § 203]; (9) failure to properly pay wages [Cal. Labor Code §§ 212-213]; (10) unlawful collection of wages [Cal. Labor Code § 221]; (11) failure to provide suitable seating [Cal. Labor Code § 1198; 8 C.C.R. § 11070]; (12) failure to reimburse necessary business expenses [Cal. Labor Code § 2802]; (13) violation of business and professions code [Business & Professions Code § 17200 et seq.].

4. In her Complaint, Plaintiff seeks to represent a putative class defined as "all current and former Employees within the State of California who, at any time four years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by Defendants." (Exhibit A, Complaint, ¶ 1.)

5. On November 25, 2025, Plaintiff served M.A.C. with the Summons and Complaint. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT OF 2005

6. M.A.C. removes the State Court Action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified under 28 U.S.C. § 1332(d). CAFA provides this court with original jurisdiction of this action and permits M.A.C. to remove the State Court Action from the California state court to this Court.

7. Neither the permissive nor mandatory provisions of CAFA for declining original jurisdiction are applicable to this action. Accordingly, as discussed in further detail below, federal jurisdiction is mandatory under CAFA.

This Matter Is A Class Action Under CAFA.

8. The State Court Action is a class action as defined by CAFA. Pursuant to CAFA:

> *[T]he term "class action" means any civil action filed under* Rule 23 of the Federal Rules of Civil Procedure *or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action.*

See, 28 U.S.C. § 1332(d)(1)(B)

9. Plaintiff filed the State Court Action as a putative class action in the State of California on behalf of herself and a proposed class of plaintiffs under California Code of Civil Procedure § 382 and now seeks to represent a putative class defined as:

> *[A]ll current and former Employees within the State of California who, at any time four years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by Defendants.*

*(Exhibit A, Complaint, ¶ 1.)*

10. The California rule governing the maintenance of class actions, California Code of Civil Procedure § 382, is analogous to Federal Rule of Civil Procedure, Rule 23.

11. Therefore, this matter is a class action as that term is defined under 28 U.S.C. §§ 4665(d)(1)(B) and 1453.

This Court Has Diversity Jurisdiction Under CAFA.

12. Pursuant to 28 U.S.C. § 1441(b), any civil action over which the district courts of the United States have original jurisdiction may be removed from State to Federal court.

13. This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA. CAFA provides that a class action against a non-governmental entity may be removed if: (a) the number of proposed class members is not less than 100; (b) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5 million, excluding interests and costs. 28 U.S.C. § 1332(d)(2), (d)(5), and § 1453(b).

Plaintiff's Proposed Class Exceeds CAFA's 100 Member Minimum.

14. While M.A.C. denies that it employed Plaintiff and otherwise has any relation or liability to Plaintiff, Plaintiff purports to represent a class of "all current

and former Employees within the State of California who, at any time four years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by Defendants." (Exhibit A, Complaint, ¶ 1.)

15. Based upon a review of M.A.C.'s relevant payroll and employee records, M.A.C has employed approximately 1,977 non-exempt employees in the State of California since November 6, 2021. (Exhibit E, Declaration of Scott Mayhugh ("Mayhugh Decl."), ¶ 4.)

16. Therefore, CAFA's minimum putative class size of 100 members requirement is satisfied.

Diversity Of Citizenship Exists Among The Parties.

17. In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

***Plaintiff Is A Citizen Of California.***

18. For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (*citing Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

19. A person is a citizen of the state in which he or she domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his or her permanent home, where she resided with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d at 747, 749 (9th Cir.

1986). For purposes of removal of class actions under 28 U.S.C. § 1332, complete diversity of "citizenship of the named plaintiffs [must exist] at the time the action is filed." *Holt v. Noble House Hotels & Resort, Ltd.*, Case No.: 17-CV-2246-MMA-BLM, 2018 WL 539176, *5 (S.D. Cal. Jan. 23, 2018) (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 931 n. 2 (9th Cir. 2001).

20. "[T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence,…location of personal and real property,…membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. Allegations of residency in a state court complaint are *prima facie* evidence of domicile and create a rebuttable presumption of domicile supporting diversity of citizenship. *See, e.g., Smith v. Simmons*, Case No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "prima facie" case of domicile); *Gutterman v. Wachovia Mortgage*, Case No. 11-CV-1611-GAF-CW, 2011 WL 2633167, *4 (C.D. Cal. Mar. 31, 2011) (plaintiff's residence and ownership of property sufficient to establish his domicile in California); *Sadeh v. Safeco Ins. Co.*, Case No. CV-12-03117-SJO-PLA, 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012) (finding that a person's residence can be *prima facie* evidence of citizenship).

21. As alleged in the Complaint, Plaintiff SHARDE MONCREASE is a resident of California. (Exhibit A, Complaint, ¶ 2.)

22. For these reasons, M.A.C. asserts that Plaintiff is, and was at the time the State Court Action was filed, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a).

***M.A.C. Is Not A Citizen Of California.***

23. For purposes of diversity jurisdiction, a corporation is a "citizen" both of the state in which it is incorporated and the state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

24. M.A.C. is, and was at the time the State Court Action was filed, a corporation incorporated and existing under the laws of the State of Delaware. (Exhibit E, Mayhugh Decl., ¶ 8.) M.A.C.'s principal place of business and headquarters are located in New York (*Id.*) M.A.C.'s principal administrative and executive functions and key corporate divisions are all based out of its New York City headquarters. (*Id.*) Thus, M.A.C. is a citizen of the State of Delaware and the State of New York within the meaning of 28 U.S.C. § 1332(a).

25. CAFA's diversity of citizenship requirement is therefore satisfied since at least one member of the proposed class of plaintiffs is a citizen of a state different from the Defendant. 28 U.S.C. § 1332(d)(2)(A).[1]

26. The diversity that exists in this action not only satisfies the minimal diversity of citizenship requirement under CAFA but also precludes the applicability of exceptions in 28 U.S.C. §§ 1332(d)(3) and (d)(4) because Defendant is not a citizen of the forum state of California.

The Total Amount In Controversy Exceeds CAFA's Jurisdictional Minimum Of $5,000,000.

27. CAFA's third requirement of diversity jurisdiction—that the aggregate claims of the individual members in a putative class action, exclusive of interest and

[1] Although the Complaint also names as defendants "Does 1 through 50," (Exhibit A, Complaint) the citizenship of fictitious "Doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(a); *e.g.*, *Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002).

costs, exceed the sum or value of $5 million—is also satisfied here. 28 U.S.C. §§ 1332(d)(2), (d)(6).

28. Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42.

29. In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (denying plaintiff's motion for remand). Under this standard, a good-faith estimate is sufficient; "a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages,'" *Korn*, 536 F. Supp. at 1204-05. Rather, the amount must be established by a preponderance standard when the Plaintiff does not plead a specific amount of damages. *Rodriguez v. AT&T Mobility Servs., LLC,* 728 F.3d 975, 981 (9th Cir. 2013). As stated by the U.S. Supreme Court, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold;" not evidentiary proof of, the amount in controversy. *Dart Cherokee Basin Operating Co. LLC et al. v. Brandon W. Owens*, 135 S.Ct. 547, 549 (2014).

30. In cases where statutory penalties are sought, district courts look to the statutory maximum in determining whether the jurisdictional requirements of the CAFA have been met. *Korn* at 1205. A defendant seeking to invoke CAFA

jurisdiction can establish the amount in controversy by presenting evidence of the number of putative class members, which can then be multiplied by the damages alleged per claim to determine the amount in controversy. *Id.* at 1206.

31. The amount in controversy includes attorneys' fees if authorized by statute. *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005).

32. Here, while Defendant expressly denies: (a) that Plaintiff has standing to bring a class action against M.A.C. given that it did not employ Plaintiff and otherwise had no commercial or employment relationship with Plaintiff or the store in which she worked; (b) Plaintiff's factual allegations; and (c) denies that Plaintiff or the putative class that she purports to represent is entitled to any relief for which she has prayed against M.A.C., it is clear that when the maximum *potential* value of the claims of the putative class members as asserted are aggregated, the Complaint puts into controversy an amount in excess of $5 million.

***Plaintiff's Second Cause Of Action For Failure To Pay Overtime Wages Places At Least $9M In Controversy.***

33. Plaintiff's Second Cause of Action is for Failure to Pay Overtime Wages in violation of California Labor Code § 510. (Exhibit A, Complaint, ¶¶ 69-79.) Plaintiff alleges that she and the other class members worked over eight hours in a day, forty hours in a week, and/or seven consecutive workdays in a work week and were not paid the appropriate overtime rate due to an alleged failure to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay. (*Id.*, ¶¶ 40, 45, 69-79.)

34. Based on these allegations, Plaintiff seeks unpaid overtime pursuant to California Labor Code § 510. (Exhibit A, Complaint, ¶¶ 69-79.) Plaintiffs' Thirteenth Cause of Action seeks restitution of unpaid wages pursuant to California Business and Professions Code § 17200 (the "UCL"). (*Id.*, ¶¶ 136-145.)

35. California Labor Code § 510(a) provides, in relevant part:

> *Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than* <u>*one and one-half times*</u> *the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than* <u>*twice*</u> *the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than* <u>*twice*</u> *the regular rate of pay of an employee. …*

(emphasis added).

36. The statute of limitations for the recovery of unpaid wages, including overtime, is three years. Cal. Code Civ. Proc. § 338(a). By asserting a claim under the UCL, Plaintiff extends the statute of limitations related to her overtime claim from three years to four years. *See, Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094 (2007). Accordingly, the limitations period on Plaintiff's overtime claim extends to November 6, 2021.

37. According to M.A.C.'s relevant payroll and employee records, M.A.C. has employed approximately 1,977 non-exempt employees in the State of California since November 6, 2021. (<u>Exhibit E</u>, Mayhugh Decl., ¶ 4.) Based on each employee's hire and termination date, if applicable, the total number of workweeks worked for M.A.C. by this population of non-exempt California employees from November 6, 2021 to the present is approximately 126,606 workweeks. (*Id.,* ¶ 5.) The average hourly rate of pay for this population of non-exempt workers employed by M.A.C. in California during this period is approximately $21.07. (*Id.,* ¶ 6.)

38. Plaintiff does not allege the number of overtime hours per week that she and the other class members allegedly worked without being paid the appropriate overtime rate.

39. If the Complaint puts in controversy just two (2) hours of overtime per week, it places at least <u>$8,002,765.26</u> in controversy under Plaintiff's overtime claim

($21.07 x 1.5 x 2 overtime hours per week x 126,606 weeks worked by the putative class during the four years preceding the filing of the Complaint).

40. Plaintiff is requesting attorneys' fees and costs in connection with her overtime claim. (Exhibit A, Complaint ¶ 79.) Reasonable attorneys' fees and costs of suit may be recoverable for employees receiving less than the legal overtime compensation applicable to the employee pursuant to Labor Code § 1194(a). If Plaintiff's attorneys' fees are recovered at a rate of just fifteen percent (15%), the Complaint places an additional $1,200,414.79 at issue for the Second Cause of Action, exclusive of interest and costs (.15 x $8,002,765.26).

41. Therefore, Plaintiff's Second Cause of Action for Failure to Pay Overtime Wages, in total, puts more than $9M in controversy.

***Plaintiff's Third And Fourth Causes Of Action For Failure To Provide Meal Periods And Rest Periods Place At Least $8M In Controversy.***

42. Plaintiff's Third and Fourth Causes of Action seek premium wage payment for alleged meal period and rest break violations. (Exhibit A, Complaint, ¶¶ 80-92.) Plaintiff alleges that M.A.C. failed to provide legally required meal periods and rest breaks and did not provide Plaintiff and the other class members with one hour of pay at their regular rate of pay for each workday a meal period or rest period was not provided. (*Id.*)

43. Under California Labor Code § 226.7, for each workday that an employer fails to provide an employee a meal period or rest break as required, the employer owes the employee one additional hour of pay at the employee's regular hourly rate.

44. The statute of limitations for the recovery of meal period and rest break violations is three years. Cal. Code Civ. Proc. § 338(a). By asserting a claim under the UCL, Plaintiff extends the statute of limitations related to these claims from three

years to four years. *See, Murphy,* 40 Cal. 4th 1094. Accordingly, the limitations period on Plaintiff's meal and rest period claims reaches back to November 6, 2022.

45. Plaintiff does not allege the number of days per week that she and the other class members allegedly worked without adequate meal periods and rest breaks.

46. Conservatively estimating that the Complaint puts in controversy just two (2) meal period violations and two (2) rest period violations at issue per week, it places at least $4,001,403.70 in controversy for Plaintiff's meal period claim (two meal period premiums per week x 94,955[2] workweeks x $21.07) and another $4,001,403.70 in controversy for Plaintiff's rest period claim (two rest period premiums per week x 94,955 workweeks x $21.07).

47. Accordingly, Plaintiff's Third and Fourth Causes of Action for Failure to Provide Meal Periods and Rest Periods, in total, put at least $8,002,807.40 in controversy.

***Plaintiff's Eighth Cause Of Action For Failure To Timely Pay All Wages Due Upon Termination Places At Least $5M In Controversy.***

48. Plaintiff's Eighth Cause of Action asserts that M.A.C. willfully failed to timely pay her and the other class members all wages owed to them at termination of their employment pursuant to California Labor Code § 203. (Exhibit A, Complaint, ¶¶ 113-118.) Plaintiff alleges that, pursuant to California Labor Code § 203, she and the other class members who are no longer employed by M.A.C. are entitled to a penalty up to the amount of thirty (30) days' wages. (*Id.*)

49. Under California Labor Code § 203, an employer who willfully fails to timely pay all wages due to an employee upon termination is liable for a waiting time penalty in the amount of the employee's average daily wage for each day the

[2] For the purposes of approximating potential meal and rest period damages, M.A.C. used 75% of average work weeks performed since November 6, 2021.

wages are not paid, up to a maximum of 30 days. The statute of limitations under section 203 is three years pursuant to California Code of Civil Procedure § 338.

50. Based on M.A.C.'s relevant payroll and employee records, there are approximately 990 non-exempt California employees who separated from M.A.C. since November 6, 2021. (Exhibit E, Mayhugh Decl., ¶ 4.)

51. Assuming that employees worked on average an eight (8) hour workday, Plaintiff's Eighth Cause of Action places at least $5,006,232 in controversy ($21.07 average hourly rate of pay x 8 hours per day x 30 days x 990 former employees).

***Summary of Amounts in Controversy***

52. Without addressing the amount in controversy with respect to Plaintiff's remaining claims,[3] the total amount in controversy is over **$22 M**:

| **Claim** | **Amount in Controversy** |
|---|---|
| Failure to Pay Overtime Wages (including attorneys' fees) | $9,203,180.05 |
| Failure to Provide Meal Periods and Rest Periods | $8,002,807.40 |
| Failure to Timely Pay Final Wages Upon Termination of Employment | $5,006,232.00 |
| TOTAL: | $22,212,219.45 |

53. While M.A.C. expressly denies that Plaintiff and the class of employees she seeks to represent are entitled to *any* relief whatsoever against it, it is clear that

[3] Plaintiff also asserts class claims for failure to pay minimum wages (Cal. Labor Code §§ 510, 1194, 1197), failure to provide accurate, itemized wage statements (Cal. Labor Code § 226), failure to maintain payroll records (Cal. Labor Code § 1174), failure to timely pay wages during employment (Cal. Labor Code § 204), failure to reimburse business expenses (Cal. Labor Code § 2802), failure to properly pay wages (Cal. Labor Code §§ 212-213), unlawful collection of wages (Cal. Labor Code § 221), and failure to provide suitable seating (Cal. Labor Code § 1198; 8 C.C.R. § 11070). Given the amount in controversy with respect to Plaintiffs' other claims, these additional claims need not be addressed specifically in this Notice of Removal.

the total amount in controversy as to Plaintiff's causes of action in this action exceeds 28 U.S.C. § 1332(d)'s $5,000,000 requirement.

ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED.

54. Timeliness of Removal: This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of November 25, 2025, the date M.A.C. was served with the Summons and Complaint. *See, Murphy Bros. v. Michetti Pipe Strining, Inc.*, 526 U.S. 344, 348 (1999) (the 30-day removal period runs from the service of the summons and complaint). (Exhibit D, Proof of Service of Summons and Complaint).

55. Removal to Proper Court; Venue: Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). Plaintiffs originally brought the State Court Action in the Superior Court for the State of California, County of San Francisco. Therefore, pursuant to 28 U.S.C. § 84(c)(2), this Notice of Removal is properly filed in the Northern District of California – Eastern Division.

56. Notice to Court and Parties: Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be served on Plaintiffs' attorneys of record, D. Law, Inc. 450 N. Brand Blvd., Suite 840; Tel: (818) 962-6465; Fax: (818) 962-6469. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the state of California for the County of San Francisco in the form attached hereto as Exhibit F (attached to which will be a file stamped copy of this Notice of Removal).

57. Pleadings and Process: Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Court Action are attached to this Notice of Removal, as follows:

| EX | DOCUMENT |
|---|---|
| **A** | Complaint (11/06/2025) |
| **B** | Civil Case Cover Sheet (11/06/2025) |
| **C** | Notice to Plaintiff (11/06/2025) |
| **D** | Summons (11/25/2025) |

## I. CONCLUSION

58. Based on the foregoing, M.A.C. respectfully requests that this action be removed from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California. If any question arises regarding the propriety of the removal of this action, M.A.C. respectfully requests the opportunity to submit any such additional argument or evidence in support of removal of this action.

DATED: December 23, 2025

BLANK ROME LLP

By: */s/ Caroline Donelan*
Caroline Donelan
Attorney for Defendant
M.A.C. COSMETICS, INC.