# EXHIBIT A

**D.LAW, INC.**
Alvin B. Lindsay (SBN 220236)
a.lindsay@d.law
William Tran (SBN 335908)
w.tran@d.law
450 N. Brand Blvd., Suite 840
Glendale, CA 91203
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

Attorneys for Plaintiff SHARDE MONCREASE, on behalf of herself and all others similarly situated

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**11/06/2025**
**Clerk of the Court**
BY: MARIVIC VIRAY
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

SHARDE MONCREASE, an individual, on behalf of herself and others similarly situated,

Plaintiff,

vs.

THE MARSHALL RETAIL GROUP, LLC, a Delaware Limited Liability Corporation; M.A.C. COSMETICS INC., a Delaware Stock Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: **CGC-25-631033**

CLASS ACTION

Assigned for All Purposes To:
Hon.
Dept.:

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wages and for All Hours Worked;
2. Failure to Pay Wages and Overtime under Labor Code § 510;
3. Meal Period Liability under Labor Code § 226.7;
4. Rest Period Liability under Labor Code § 226.7;
5. Violation of Labor Code § 226(a);
6. Violation of Labor Code §§ 1174, 1174.5;
7. Violation of Labor Code § 204;
8. Violation of Labor Code § 203;
9. Violation of Labor Code §§ 212 and 213;
10. Violation of Labor Code § 221;
11. Failure to Provide Suitable Seating Under Labor Code §1198;
12. Failure to Reimburse Necessary Business Expenses under Labor Code § 2802; and
13. Violation of Business & Professions Code § 17200 *et seq.*

**DEMAND FOR JURY TRIAL**

Plaintiff SHARDE MONCREASE (hereinafter "Plaintiff"), on behalf of herself and all other similarly situated non-exempt, hourly employees employed by Defendants in California during the relevant period (collectively, "Employees"; individually, "Employee") complains of Defendants as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of herself and all current and former Employees within the State of California who, at any time four years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by Defendants THE MARSHALL RETAIL GROUP, LLC, a Delaware Limited Liability Corporation; M.A.C. COSMETICS INC., a Delaware Stock Corporation; and DOES 1 through 50, inclusive (all defendants being collectively referred to herein as "Defendants"). Plaintiff alleges that Defendants violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and California Business & Professions Code, and seeks redress for these violations.

2. Plaintiff was employed by Defendants as an hourly "MAC Sales Lead" and "Makeup Artist" at one of Defendants' facilities and locations at the San Francisco International Airport in San Francisco County, California. Plaintiff, and upon information and belief other similarly situated Employees, were employed by Defendants as non-exempt, hourly employees at Defendants' locations and facilities in San Francisco County and throughout California, including in positions related to providing retail and customer services to Defendants' customers.

3. Defendant THE MARSHALL RETAIL GROUP, LLC ("MRG") is a Delaware Limited Liability Corporation that lists its principal address as 3755 W. Sunset Road, Suite A, Las Vegas, Nevada 89118 with the California Secretary of State, and lists a California office as its registered corporate agent. It also lists its type of business as a specialty retailer. Defendant MRG is listed as the employer on the W-2 wage statements issued to Plaintiff by Defendants with the same Las Vegas, Nevada address. Upon information and belief, MRG operates various facilities where their California Employees are based out of, including the San Francisco California facilities where Plaintiff worked. On information and belief, Defendants maintain operations and locations throughout San Francisco County and California. Additionally, MRG's website states: ""MRG has

provided clients with a collection of attractive, successful brands in more than 300 standalone stores, with over half operating inside 46 airports nationwide."

4. Defendant M.A.C. COSMETICS INC. ("MAC") is a Delaware Stock Corporation that lists its principal address as One Soho Square, 233 Spring Street, New York, New York 10010 with the California Secretary of State, and lists a California office as its registered corporate agent. It also lists its type of business as a cosmetics manufacturer. Upon information and belief, MAC maintains and operates various locations where their California Employees are based out of, including the San Francisco, California location where Plaintiff worked. Furthermore, MRG website lists MAC as one of the retail businesses that it has partnered with throughout California. It is upon information and belief that MAC is an employer and/or joint employer of Plaintiff and the Class Members, and operates together with MRG to jointly employ Plaintiff and the Class Members in connection with their retail operations based out of their many locations throughout California.

5. Plaintiff worked at Defendants' behest without being paid all wages due and without being provided all required breaks. More specifically, Plaintiff and the other similarly situated Class members were employed by Defendants and (1) shared similar job duties and responsibilities (2) were subjected to the same policies and practices (3) and endured similar violations at the hands of Defendants as the other Employees who served in similar and related positions.

6. Defendants required Plaintiff and the Employees in the Class to work off the clock and failed to record accurate time worked by these Employees, failed to pay them at the appropriate rates for all hours worked, failed to pay them in the appropriate form of payment, failed to pay all wages due and owing at termination or resignation, and provided Plaintiff and the Class members with inaccurate wage statements that prevented them from learning of these unlawful pay practices. Defendants also failed to provide Plaintiff and the Class with lawful meal and rest periods, as Employees were required to remain under Defendants' control and were not provided with the opportunity to take full uninterrupted, timely, and duty-free rest periods and meal breaks, as required by the Labor Code and the applicable paragraphs of the IWC Wage Orders.

7. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a

joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, created and implemented the policies and practices that governed the employment of Plaintiff and the Class members and dictated their job duties and responsibilities, or otherwise suffered or permitted Plaintiff and the other Employee Class members to work, or engaged, thereby creating a common law employment relationship, with the Employee Class members. Therefore, Defendants, and each of them, employed or jointly employed the Employee Class members.

8. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred, at least in part in San Francisco County, where Defendants operate and provide retail and customer services to California customers.

9. The true names and capacities, whether individual, corporate, associate or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through 50, inclusive, and each of them, is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

## FACTUAL BACKGROUND

10. The Employees who comprise the Class, including Plaintiff, are non-exempt employees of Defendants pursuant to the applicable Wage Order of the Industrial Welfare Commission ("IWC"). During the period of four years prior to the filing of this action through its

resolution, Plaintiff and the Class members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular and overtime rates, including for meal period and rest break premium payments. Plaintiff also contends that Defendants failed to pay Plaintiff and the Class members all wages due and owing, including by miscalculating wages owed and by requiring off the clock work, failing to provide meal and rest breaks, and failing to furnish accurate wage statements and timely pay all wages owed, all in violation of various provisions of the California Labor Code and applicable paragraphs of the IWC Wage Orders.

11. During the course of Plaintiff and the Class members' employment with Defendants, they were not paid all wages they were owed, including for all work performed (resulting in "off the clock" work) and for all their overtime hours worked, or were not paid at the correct rates. This has resulted in systematic and ongoing violations of the California Labor Code and relevant IWC Wage Orders. Upon information and belief, Defendants employ other non-exempt, hourly employees as retail and customer-related workers based out of Defendants' facilities in California.

12. Plaintiff worked as a "MAC Sales Lead" and "Makeup Artist" at one of Defendants' retail stores located within the San Francisco International Airport in San Francisco, California. Her job duties included applying selling makeup products to customer, makeup to customers, opening and closing the store, and supervising the sales counter. Plaintiff generally worked over 40 hours per week, and 5 shifts per week. Plaintiff's scheduled hours were generally from 5:30 a.m. to 2:30 p.m. However, due to the nature of Defendant's operations and its policies and practices, Plaintiff and the other Employees was required to endure significant off-the-clock work.

13. Defendants' facilities are located within an airport, beyond the Transportation Security Administration ("TSA") security checkpoints. All Employees are required to go through security. Doing so can take several minutes as Employees must remove shoes, belts, and jackets, and place personal belongings through an x-ray machine. Sometimes, Employees are also subject to random pat-downs by security personnel. Long lines routinely form as many other airport workers also seek to get through security at the same time. Accordingly, for Plaintiff and other Employees to timely arrive for their scheduled shifts at the store, they must begin preparing well in advance. Plaintiff was compelled to arrive for her shifts sufficiently before her scheduled start time to go

through security, which could take anywhere from five to ten minutes. Once through security, Plaintiff would walk through a substantial section of the terminal's 610,000 square feet, roughly ten to fifteen minutes, in order to get to the store. Employees would have to repeat these processes if they decided to leave Defendants' premises for meal periods and had to return to clock in before the end of their meal period.

14. This time spent going through security and walking to the store went uncompensated by Defendants because it would not be reflected in Defendants' timekeeping system located within the store. Only after opening the store and storing her personal belongings in the back of the store could Plaintiff clock into the time clock located in the store's register station. On occasions, there would be a line of other Employees seeking to clock in which would further delay Plaintiff from recording her time. This time spent waiting for the availability of the time clock also went unrecorded and uncompensated by Defendants. Moreover, Plaintiff and the members of the Class were also required to work or otherwise remain under Defendants' control after clocking out for the end of their shift, including remaining on site until the incoming employee arrived and clocked in for the start of their shift. Defendants would also engage Plaintiff and the class members in after-hours work-related communications.

15. Additionally, Plaintiff's meal periods were routinely interrupted or cut short to attend to pressing work demands from customers. Also, if Employees left the store beyond security, there simply would not be enough time to leave and come back through security to her required worksite. Moreover, Defendants would frequently require Plaintiff to clock out for her meal breaks and continue working, then clock back in after thirty minutes, so that meal periods would appear compliant and so Defendants could avoid payment of any meal premiums, again without pay.

16. Defendants followed a similar unlawful practice, upon information and belief, against other Employees in a concerted effort to limit and restrict regular and overtime hours earned by and owing to Plaintiff and the Class members. Time worked off the clock also caused Plaintiff and the Class members to work beyond eight hours in a shift. As a result of the above-described off the clock work, Defendants failed to pay Plaintiff and the Class members overtime for the time spent at the end of work shifts which Defendants did not record in any timekeeping or payroll records.

17. Plaintiff was therefore not paid for all her hours worked at the required minimum, overtime and double time wage rates due to Defendants' policy and practice of requiring her to work off the clock and without pay. With work shifts generally scheduled for eight hours or more, this unpaid off the clock work resulted in Plaintiff and the Class members working past eight hours on a shift, which required that they be paid at the correct overtime rate of 1.5 times their regular rate. Defendants thus systematically underpaid Plaintiff and the Class members by failing to pay them at the required overtime rates for all hours over eight in a work shift or over forty in a work week, and all hours over twelve in a day at the required double time rate. Upon information and belief, the Class members were bound by similar scheduling and work policies which Defendants required them to follow and endured similar violations at Defendants' hands as Plaintiff.

18. Therefore, from at least four years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked and failing to pay minimum wages for all time worked, as required by California law. Also, from at least four years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees overtime compensation at premium overtime rates for all hours worked in excess of eight hours a day and/or forty hours a week, and double-time rates for all hours worked in excess of twelve hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders.

19. Defendants also failed to provide Plaintiff and the Class members with their required thirty-minute meal periods and the at least two ten-minute rest breaks required for scheduled shifts of eight hours. Demanding workloads and chronic understaffing contributed to Defendants' common policy of failing to provide lawful meal periods to Plaintiff and the Class members, as required under the Labor Code and Paragraph 11 of the IWC Wage Order(s). Defendants similarly systematically failed to authorize and permit Plaintiff and the employee Class Members to take all required 10-minute rest breaks, as required under the Labor Code and Paragraph 12 of the IWC Wage Order(s).

20. More specifically, Plaintiff worked shifts that entitled her to at least one meal period, but Defendants' managers required Plaintiff and the Class members to prioritize attending to customers over taking lawful meal periods. To whatever extent there was ever a schedule for meal

periods, it went by the wayside quickly as there always seemed to be a customer that needed assistance. Chronic understaffing led to systematically late meal periods if they were provided at all, and on-duty meal periods that were incessantly interrupted by customer and management demands and required job duties and tasks. Moreover, if Plaintiff and the Class members were to leave the premises for a meal period, they would have close up the store, go through security and walk long distances back to the work premises, resulting in shortened meal periods.

21. The heavy workload and management expectations also contributed to Plaintiff and the Class members working through meal periods or not taking them or taking them late so work could be accomplished, or they were otherwise required to remain under Defendants' control during meal periods. Also, as described above, Plaintiff was required to clock out for her meal periods and continue working, and clock back in after thirty-minutes, so that meal periods would appear compliant and Defendants would avoid having to pay Plaintiff any meal period premiums. Therefore, meal period violations systematically occurred throughout all of Plaintiff's work shifts where Defendants both failed to provide a lawful meal period and meal premium payment. Upon information and belief, the other Class members were subjected to similar unlawful policies and practices and endured similar violations as Plaintiff.

22. Defendants thus failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to Plaintiff and the other Class members, as required by the applicable Wage Order and Labor Code. Plaintiff and other Class members were required to perform work as ordered by Defendants or otherwise remain under Defendants' control for more than five hours during a shift, or ten hours in a shift, but were often required to do so without receiving a lawful, timely, and duty-free 30-mintue meal breaks. Additionally, as addressed above, Defendants followed a practice of requiring off the clock work, in a manner that would impact when Employees were to receive meal periods and rest breaks, thus leading to further violations.

23. As a result, Defendants' failure to provide Plaintiff and the Class members with all legally required off-duty, unpaid meal periods will be evidenced by Defendants' business records, or lack thereof. Defendants also failed to pay Employees "premium pay," i.e. one hour of wages at

each Employee's effective hourly rate of pay, for each meal period that Defendants failed to provide or deficiently provided.

24. Therefore, for at least four years prior to the filing of this action and through to the present, Plaintiff and the Class members were unable to take off duty breaks or were otherwise not provided with the opportunity to take required meal breaks due to Defendants' policies and practices. On the occasions when Plaintiff and the Class members were provided with a meal period, it was often untimely or interrupted, or was impermissibly shortened, and Employees were not provided with one hour's wages in lieu thereof. Meal period violations thus occurred in one or more of the following manners:

(a) Class members were not provided full thirty-minute duty free meal periods for work days in excess of five hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

(b) Class members were required to work through at least part of their daily meal period(s);

(c) Class members were provided meal periods after five hours of continuous work during a shift;

(d) Class members were restricted in their ability to take a full thirty-minute meal period and were essentially required to remain under Defendants' control during meal periods; and

(e) Class members were not provided second full thirty-minute duty free meal periods for work days in excess of ten hours;

25. Defendants also failed to authorize and permit Plaintiff and the Class members to take duty-free, net ten minute rest breaks for every four hours of shift work, or major fraction thereof. There were similar issues with the required net ten-minute rest breaks that Plaintiff and the Class members were unable to take as with meal periods. Defendants made no efforts or provided no emphasis on authorizing and permitting Employees to take net ten-minute rest breaks for every four hours of work.

26. Given the constant and ongoing job demands she faced and Defendants' failure to adequately staff its facilities to permit employees to take breaks, Plaintiff was compelled to remain on the premises performing job-related duties and remaining under Defendants' control during times when she was supposed to be enjoying a duty-free rest break. By uniformly requiring Plaintiff and the other similarly situated co-workers to remain under Defendants' control and on premises during rest breaks, Defendants committed systematic and ongoing rest break violations.

27. Defendants' management did not emphasize the requirement to provide at least one ten-minute duty-free rest period for each four-hour duty period, or major fraction thereof. If and when Plaintiff was permitted to take a ten-minute rest break on a shift, she was not permitted to take a second one or a third one or any breaks were untimely or impermissibly shortened. Further violations occurred as Plaintiff and the Class members were required to remain under Defendants' control by not being able to leave the premises and by Defendants' requirement that they remain ready to respond to work requirements and job demands.

28. Therefore, Defendants failed to authorize and permit Class members to take all their required rest breaks. Plaintiff and the other similarly situated Class members were either not authorized permitted the opportunity to take a rest break, or were required to remain under Defendants' control and respond to instructions and job demands. Defendants also failed to authorize and permit Employees to leave the property premises duringg rest breaks, or else prevented them from doing so, thus further evidencing Defendants' policy and practice of requiring Plaintiff and the Class members to remain under their control during required off-duty rest breaks.

29. Defendants' policies and practices thus systematically deny and denied Plaintiff and the Class members full, duty-free ten-minute rest periods and thirty-minute, duty-free meal periods. The California Supreme Court has instructed that the rest period requirement obligates employers to permit and authorize employees to take-off-duty rest periods. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. Plaintiff and the Class members were and are under Defendants' control when they are working through rest breaks, and Defendants failed to schedule or account for required first, second, and third rest breaks during the shifts Plaintiff and the Class members generally worked.

30. Plaintiff and the Employees in the Class were not authorized and permitted to take lawful rest periods, were systematically required by Defendants to work through or during breaks, and were not provided with one hour's wages in lieu thereof. They were required to remain on duty during breaks or portions of their breaks, thus making them either untimely or shortened and on-duty, and they were also prevented from leaving the premises during rest breaks under Defendants' policies and practices. Rest period violations therefore arose in one or more of the following manners:

(a) Class members were required to work without being provided a minimum ten minute rest period for every four hours or major fraction thereof worked and were not compensated one hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

(b) Class members were not authorized and permitted to take timely rest periods for every four hours worked, or major fraction thereof;

(c) Class members were required to remain on duty and under Defendants' control during rest periods or otherwise had their rest periods interrupted by work demands; and

(d) Class members were not provided third ten-minute duty free rest periods for work days in excess of ten hours.

31. Defendants have also consistently failed to provide Class members with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws, including by the above-described requirement of off the clock work, failure to pay all overtime and double time wages owed and failure to pay them at the appropriate premium rates, and failure to pay premium wages for unprovided or otherwise unlawful meal and rest breaks, and by the systematic and unlawful deductions Defendants took from Employee wages. Defendants have also made it difficult to account with precision for the unlawfully withheld wages and meal and rest period compensation owed to Plaintiff and the Class, during the liability period, including because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders. Upon information and belief, time clock punches were not maintained or were not accurately

maintained for work shifts and meal periods. Defendants also failed to accurately record and pay for all regular and overtime hours worked and submitted by Plaintiff and the Class members, including by failing to pay all overtime hours at the correctly calculated overtime premium rate.

32. Defendants also provided Plaintiff and the Class members with wage statements that failed to accurately report all hours worked and applicable hourly rates for all hours worked. For the same reasons as explained above, Plaintiff and the Class members were provided with unlawful wage statements that failed to reflect all hours worked and failed to pay for all overtime hours or failed to pay overtime wages at the correct overtime premium rate. Defendants followed this unlawful policy and practice even though both Plaintiff and Defendants were aware that Plaintiff and the Class members worked more total hours than were reflected on the wage statements, including overtime hours. Plaintiff and the Employees in the Class were unable to discern from their wage statements alone the actual hours they worked in total during a pay period and the rates they were paid for those hours worked.

33. Defendants have thus also failed to comply with Labor Code § 226(a) by inaccurately reporting total hours worked and total wages earned by Plaintiff and the Class members, along with the appropriate applicable rates, among others requirements. Plaintiff and Class members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b). Defendants have also failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, and wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked.

34. The failure to maintain accurate timekeeping and payroll records perpetrated by Defendants has also been exacerbated by other off the clock work Defendants required their Employees to endure. Plaintiff was habitually compelled to arrive on site at least 15-20 minutes early prior to the start of her shift in order to get through security and get to the store. If Plaintiff did not arrive early, she would not have been able to clock-in on time, and she would face discipline from management. Accordingly, Plaintiff was not permitted to record her time entries from the moment

she actually started working. Furthermore, Defendants have either failed to maintain timekeeping records for Plaintiff that would permit Plaintiff to discover the nature and extent of the off the clock work Defendants' required and the actual hours Plaintiff worked. By failing to pay for all hours worked, Defendants have committed knowing and intentional ongoing violations of the record keeping requirements under the Labor Code § 1174.

35. Defendants required Plaintiff and the Class members to work hours off the clock for which they were not compensated. They were also required to endure off the clock work addressed above during interrupted or otherwise on-duty meal and rest periods. Defendants also failed to pay all overtime premium wages owed for work conducted on a work shift, as addressed above. Therefore, Defendants have followed a uniform and consistent policy of failing to timely pay all wages owed to Plaintiff and other similarly situated Employees as required by California wage-and-hour laws, including Labor Code § 204. Furthermore, Defendants have followed a uniform and consistent policy of failing to pay all wages owed to those Class members at the time of their termination or within seventy-two hours of their resignation, as required by California wage-and-hour laws, including under Labor Code § 203.

36. As a result of these illegal policies and practices, Defendants also engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class members she seeks to represent:

(e) failing to pay Class members all wages owed, including all meal and rest period premium wages in violation of Labor Code § 226(a);

(f) failing to maintain accurate records of Class members' hours worked and earned wages and meal periods in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC Wage Orders;

(g) failing to pay all wages owed to the Class members twice monthly in accordance with the requirements of Labor Code § 204; and

(h) failing to pay all wages owed to Class members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203.

37. Defendants failed to pay Plaintiff and Class Members with an order, check, draft, note, memorandum, or other acknowledgment of indebtedness that was payable on demand, without discount at some established place of business in the state. Defendants' issued pay cards to Plaintiff and Class Members for wages earned. These pay cards were usable for a fee and did not have a provision for use and payment in California at no cost to the employee. Therefore, Defendants' failed to provide Plaintiff and Class Members with checks, drafts, notes or other acknowledgements of indebtedness that were payable on demand without discount as required by Labor Code § 212, which required Plaintiff and Class Members to incur fees to use, was not fully cashable, and not usable at all financial institutions.

38. As a result of the above-described unlawful requirements to work off the clock, the failure to accurately record all hours worked and the other wage violations they endured at Defendants' hands, Plaintiff and the Class members were not properly paid all wages earned and all wages owed to them by Defendants, including when working more than eight hours in any given day and/or more than forty hours in any given week. Moreover, Defendants' unlawful policies and practices resulted in Plaintiff and Class members incurring overtime hours worked for which they were not adequately and completely compensated, in addition to the hours they were required to work off the clock at their regular rates. The failure to pay for all hours worked and underpayment of wages to Plaintiff and the Class members is and has been a direct consequence of Defendants' unlawful compensation policies and practices, which upon information and belief applied uniformly to the Class members working at Defendants' locations and facilities.

39. As a result of the above-described unlawful requirements to work off the clock, the failure to accurately record all hours worked and pay wages at the correct rates, the failure to compensate employees for time under Defendants' control and the other wage violations they endured at Defendants' hands, Plaintiff and the Class members were not properly paid all wages earned and all wages owed to them by Defendants, including when working more than eight hours in any given day and/or more than forty hours in any given week.

40. Therefore, from at least four years prior to the filing of this lawsuit and continuing to the present, Defendants have also consistently violated Labor Code § 221 by unlawfully collecting

or deducting the Employees' earned wages, including by requiring off the clock work during breaks and before and after work shifts and accordingly underpaying overtime wages and meal and rest break premiums. By not compensating Employees for all hours worked and under Defendants' control at the correct rates, Defendants unlawfully deducted wages earned by and owed to Plaintiff and the Class members, in violation of Labor Code § 221.

41. Defendants also failed to provide suitable seating to Plaintiff and the Class members. Plaintiff was not permitted to sit during her shift even though it is appropriate to be seated while engaging in her required duties. Plaintiff was required to work on her feet to complete tasks such as operating the cash register to scan customer's purchases and process payments, and providing makeup application services for customers. By failing to provide Plaintiff and certain Class members with suitable seats in accordance with the applicable wage order, Defendants also violated California Labor Code § 1198. Plaintiff and Class Members were harmed by Defendants' failure to provide seats because they were required to stand for extended periods of time despite the fact that the nature of her work did not require that they remain standing at all times.

42. Additionally, from at least four years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Plaintiff and the Class members to incur necessary business expenses in the course of performing their required job duties without reimbursement. These included the cell phone-related expenses Plaintiff incurred in responding to calls from management. Plaintiff and the Class members must be reimbursed for these necessary business expenses under Labor Code § 2802, and Defendants systematically failed to do so.

43. In light of the foregoing, Plaintiff and the Employees in the Class bring this action pursuant to, *inter alia*, Labor Code §§ 201, 202, 203, 204, 212, 213, 218, 218.5, 218.6, 221, 226, 226.4, 226.7, 510, 511, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2 1197, 1198, 1198.5, 1199, 2802, and California Code of Regulations, Title 8, section 11000 *et seq*.

44. Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Plaintiff and the Class members seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of Labor Code and the other unfair, unlawful, or fraudulent practices alleged in this Complaint.

## CLASS ALLEGATIONS

45. Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class (or "the Class" or "Class members") defined as follows: "All individuals employed by Defendants at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court ("the Class Period"), and who have been employed as non-exempt, hourly employees within the State of California." This includes all hourly retail and customer service employees and those in similar and related positions. Further, Plaintiff seeks to represent the Subclasses composed of and defined as follows:

(a) Subclass 1. Minimum Wages Subclass. All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

(b) Subclass 2. Wages and Overtime Subclass. All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

(c) Subclass 3. Meal Period Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

(d) Subclass 4. Rest Break Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

(e) Subclass 5. Wage Statement Subclass. All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

(f) Subclass 6. Payroll Records Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to keep accurate time and wage records as required by California wage-and-hour laws.

(g) Subclass 7. Failure to Timely Pay Wages Twice Monthly Subclass. All Class members who were subject to Defendants' policy and practice of not timely paying all wages

earned when they were due and payable at least twice monthly.

(h) Subclass 8. Termination Pay Subclass. All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

(i) Subclass 9. Pay Card Subclass. All persons employed by Defendants in California who were paid by pay card (or similar means) at any time during the relevant time period.

(j) Subclass 10. Unauthorized Deductions from Wages Subclass. All Class members who were subject to Defendants' policy and/or practice of deducting wages earned from their pay, including by requiring off the clock work.

(k) Subclass 11. Suitable Seating. All Class members who were subjected to Defendants' failure to provide suitable seating.

(l) Subclass 12. Expense Reimbursement Subclass. All Class members who incurred necessary and reasonable expenses in connection with performing their job duties for Defendants and who were subject to a policy and/or practice under which such expenses were not reimbursed.

(m) Subclass 13. UCL Subclass. All Class members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

46. Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify the class description with greater particularity or to provide further division into subclasses or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

47. Defendants, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby Defendants failed to correctly calculate and pay compensation for the time worked by Plaintiff and the other members of the Class, even though Defendants enjoyed the benefit

of this work, required Employees to perform this work and permitted or suffered to permit this work. Defendants have uniformly denied these Class members wages to which these employees are entitled, and failed to provide meal periods or authorize and permit rest periods, in order to unfairly cheat the competition and unlawfully profit.

48. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure § 382 because there is a well-defined community of interest in this litigation and the proposed Class is easily ascertainable from the employment records for Plaintiff and the Class members that Defendants are required to maintain under California law.

**A. Numerosity**

49. The potential members of the Class as defined are so numerous that joinder of all the Class members is impracticable. While the precise number of Class member has not been determined at this time, Plaintiff is informed and believes that Defendants employ or, during the time period relevant to this lawsuit employed, at least hundreds of Employees who satisfy the Class definition within the State of California. Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all Class members.

**B. Commonality**

50. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The common questions are numerous and substantial and flow from Defendants' uniform policies and/or practices of violating the California Labor Code addressed above. As such, these common questions predominate over individual questions concerning each individual Class Member's showing as to his or her eligibility for recovery or as to the amount of damages. These common questions of law and fact include:

(a) Whether Defendants failed to pay Employees minimum wages;

(b) Whether Defendants failed to pay Employees wages for all hours worked;

(c) Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

(d) Whether Defendants violated Labor Code § 1194 by failing to compensate all Employees during the relevant time period for all hours worked, whether regular

or overtime;

(e) Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

(f) Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to authorize and permit Employees to take requisite rest breaks or provide premium pay in lieu thereof;

(g) Whether Defendants' conduct was willful;

(h) Whether Defendants violated Labor Code § 226(a) by providing Employees with inaccurate wage statements and wage statements that omitted many of the Section 226(a) requirements.

(i) Whether Defendants violated Labor Code §§ 1174 and1174.5;

(j) Whether Defendants violated Labor Code §§ 226, 1174, 1198 and the IWC Wage Orders by failing to maintain accurate records of Class members' earned wages and work periods;

(k) Whether Defendants violated Labor Code § 204 by failing to pay Employees all wages earned at least twice monthly;

(l) Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

(m) Whether Defendants violated labor Code §§ 212, 213 by failing to pay wages due, negotiable and payable in cash on demand;

(n) Whether Defendants violated Labor Code § 221;

(o) Whether the nature of Plaintiff's and Class Members' job duties reasonably permit the use of seating;

(p) Whether Defendant unlawfully and/or willfully deprived Plaintiff and Class Members of suitable seating when the nature of their job duties reasonably permitted it;

(q) Whether Defendants violated Labor Code § 2802 by failing to reimburse necessary business expenses incurred by Employees;

(r) Whether Defendants violated Business and Professions Code § 17200 *et seq.*; and

(s) Whether Employees are entitled to equitable relief pursuant to Business and Professions Code § 17200 *et seq.*

**C. Typicality**

51. The claims of the named Plaintiff are typical of those of the other Employees. The Employee Class members all sustained injuries and damages arising out of and caused by Defendants' common course of conduct and uniformly applied policies in violation of statutes, as well as regulations, that have the force and effect of law, as alleged herein. Plaintiff's claims for the off the clock work and meal and rest violations they were required to endure are typical of those of the other Class members.

**D. Adequacy of Representation**

52. Plaintiff will fairly and adequately represent and protect the interest of the Employee Class members. Counsel who represents Plaintiff and the Employees in the Class are experienced and competent in litigating employment class actions.

**E. Superiority of Class Action**

53. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee in the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

54. As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class members. Further, as the economic or other loss suffered by vast numbers of Class members may be relatively small, the expense and burden of individual actions makes it difficult for the Class members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered,

a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Employees to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

55. Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment. Plaintiff contemplates the eventual issuance of notice to the proposed Class members that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

56. Defendants, as prospective and actual employers of the Employees in the Class, had a special fiduciary duty to disclose to prospective Class members the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon the similarly situated Employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on the Employees and Class as a whole.

57. Plaintiff and the Employees in the Class did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there any discussion about Plaintiff's and the Class members' waiver of their Constitutional rights of trial by jury, to collectively organize and oppose unlawful pay practices under California law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation tolled until such time as Plaintiff and the Class members discovered their claims.

///

///

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

58. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

59. Defendants failed to pay Employees minimum wages for all hours worked. Defendants had a consistent policy of failing to pay Employees for all hours worked. Employees would work hours and not receive wages, including as alleged above in connection with off the clock work, including all the time required to go through security checks prior to clocking in, to remain on duty and under Defendants' control during breaks and due to the work demands placed upon them by Defendants' management and customers and by paying what should have been overtime hours as regular hours. Defendants' uniformly applied policies required systematic off the clock work and underpayment of all wages owed to Employees over a period of time, while benefiting Defendants. During the relevant time period, Defendants thus regularly failed to pay minimum wages to Plaintiff and the Class members, including by requiring systematic off the clock work. To the extent any local wage ordinances were also applicable to paying the employees an hourly rate above the minimum wage rate, Defendants failed to comply with the local wage ordinances. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to Plaintiff and the other members of the Class as to minimum wage pay.

60. In California, employees must be paid at least the applicable state minimum wage for all hours worked, including under Labor Code § 1197, IWC Wage Order MW-2014, and paragraphs 2(K), 2(S), and 4(A)-4(C) of the applicable IWC Wage Orders. Also, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

61. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." The applicable

minimum wage rate fixed by the commission for work during the relevant period is found in the Wage Orders.

62. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

63. As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also, California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate, or at the minimum rate in the absence of a contractually agreed upon one.

64. In committing these violations of the California Labor Code, Defendants inaccurately recorded, or required Plaintiff and the Class members to input times that did not reflect their actual hours worked, or miscalculated hours or rates or otherwise underpaid the actual time worked by Plaintiff and other members of the Class, including by requiring off the clock work as addressed in detail above. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a result of these violations, Defendants also failed to timely pay all wages earned in accordance with California Labor Code § 1194.

65. Pursuant to California Labor Code § 1194.2, Plaintiff and Class members are further entitled to the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

66. In addition to restitution for all unpaid wages, pursuant to California Labor Code § 1197.1, Plaintiff and Class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

67. Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

68. Plaintiff and the Class members are entitled to recover the unpaid minimum wages (including double minimum wages) and local wage ordinance wages and liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a). Plaintiff and the other members of the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the Class members who have terminated their employment, Defendants' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California Labor Code § 203, which penalties are sought herein on behalf of these Class members. Defendants' failure to timely pay all wages owed also violated Labor Code § 204 and resulted in violations of Labor Code § 226 because they resulted in the issuance of inaccurate wage statements. Defendants' conduct as alleged herein was willful, intentional, and not in good faith. Further, Plaintiff and other Class members are entitled to seek and recover statutory costs.

///

///

///

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

**(Against All Defendants)**

69. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

70. California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Division of Labor Standards and Enforcement.

71. By their conduct, as set forth herein, Defendants violated Labor Code § 1194 and Labor Code § 510 (and paragraphs 2(K), 2(S), 3(A) and 4(A)-4(B) of the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek.

72. Defendants had a consistent policy of not paying Employees wages for all hours worked, including by requiring off the clock work as addressed above, by unlawful deductions, by under-reporting actual hours worked, and by requiring Employees to do so as well. Defendants have also failed to pay overtime when it was incurred due to the off the clock work, as detailed above.

73. Defendants thus had a consistent policy of not paying Employees wages for all hours worked, including hours at their required regular, overtime, and double-time rates. Defendants, and each of them, have intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, including Plaintiff's, or required Plaintiff and the Class members to do so, or otherwise caused them to work off the clock to avoid paying Plaintiff and the Class members all

earned and owed straight time and overtime wages and other benefits, in violation of the California Labor Code, the California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also violated these provisions by requiring Plaintiff and the Class members to work through meal periods or remain under Defendants' control when they were required to be clocked out or to otherwise work off the clock to complete their daily job duties and respond to demands from customers and managers.

74. Therefore, Employees were not properly compensated, nor were they paid overtime rates for hours worked in excess of eight hours in a given day, and/or forty hours in a given week. Based on information and belief, Defendants did not make available to Employees a reasonable protocol for correcting time records when Employees worked overtime hours or to fix incorrect time entries or those that Defendants unlawfully under-recorded to the Employee's detriment. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated Class members to work through meal periods when they were required to be clocked out or to otherwise work off the clock to complete their daily job duties.

75. Defendants' failure to pay Plaintiff and the Class members the unpaid balance of regular wages owed and overtime compensation for all hours worked, as required by California law, violates the provisions of Labor Code §§ 510 and 1198 and paragraph 3(A) of the applicable IWC Wage Order, and is therefore unlawful. Defendants also failed to correctly calculate the regular rate used to calculate and pay overtime, and meal and rest premiums, as addressed above.

76. Additionally, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section

are in addition to any other civil or criminal penalty provided by law." Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and the Class members seek the remedies set forth in Labor Code § 558.

77. Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

78. Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission). Additionally, under Labor Code § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less than $100 for causing Employees "to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission" or if the employer pays "a wage less than the minimum fixed by an order of the commission" or "violates…any provision of this chapter or any order or ruling of the commission."

79. Consequently, pursuant to the California Labor Code, including Labor Code §§ 204, 510, 558, 1194, 1198, 1199, and the relevant paragraphs of the IWC Wage Orders, including paragraphs 2(K), 2(S), 3(A), 4, and 20, Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation for all their hours worked, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

///

///

///

**THIRD CAUSE OF ACTION**

**MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

80. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

81. Employees regularly worked shifts greater than five (5) hours and in some instances, greater than ten (10) hours. Pursuant to Labor Code § 512, and paragraph 11 of the applicable IWC Wage Order, an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

82. Defendants failed to provide Employees with meal periods as required under the Labor Code and paragraph 11 of the applicable IWC Wage Order. Employees were often required to work or to otherwise remain under Defendants' control during meal periods, or Defendants provided them after Employees worked beyond the fifth hour of their shifts or Employees otherwise had them shortened and interrupted by work demands and requirements to perform off the clock work and remain under Defendants' control. Furthermore, Defendants would require Employees to record that they took a thirty-minute meal periods, despite continuing to work, so that it would appear as if compliant meal periods were taken. Upon information and belief, on the occasions when Employees worked more than ten hours in a given shift, they did so without receiving a second uninterrupted thirty-minute meal period as required by law.

83. Defendants thus failed to provide Plaintiff and the Class members with meal periods as required by the Labor Code and paragraph 11 of the applicable IWC Wage Order, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty minutes, or by requiring them to perform work during breaks.

84. Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee

a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Defendants thus failed to compensate the Employees in the Class for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order.

85. Therefore, pursuant to Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order, Employees in the Class are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and other statutes and applicable IWC Wage Order paragraphs.

**FOURTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

86. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

87. Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten minutes net rest time per four (4) work hours.

88. Employees consistently worked consecutive four hour shifts and were generally scheduled for shifts of greater than 3.5 hours total, thus requiring Defendants to authorize and permit them to take rest periods. Pursuant to the Labor Code and paragraph 12 of the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten minutes for each consecutive four hour shift, and Defendants failed to provide Employees with timely rest breaks of not less than ten minutes for each consecutive four hour shift. Defendants made no effort to authorize and permit Plaintiff and the Class members to take lawful rest breaks. Furthermore, Employees were often required to work or to otherwise remain under Defendants' control during rest periods, including by responding to work requirements, and had breaks provided untimely as a result of the above

described off the clock work.

89. Labor Code §§ 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided. Defendants failed to do so.

90. Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiff and the Class members in violation of Labor Code §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

91. Defendants failed to authorize and permit Plaintiff and the Class members to take rest periods, as required by the Labor Code. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders. Defendants thus failed to compensate the Employees in the Class for each rest period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order.

92. Therefore, pursuant to Labor Code § 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(Against All Defendants)**

93. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

94. California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements

must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

95. Defendants failed to provide Plaintiff and the similarly situated Employee Class members with accurate itemized wage statements in writing, as required by the Labor Code and paragraph 7 of the applicable IWC Wage Orders. Specifically, the wage statements issued to Employees by Defendants failed to accurately account for wages, overtime, and premium pay, including for all overtime and double time hours worked and for deficient meal periods and rest breaks, all of which Defendants knew or reasonably should have known were owed to the Employees, as alleged above.

96. Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and the Class members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226 and paragraph 7 of the applicable IWC Wage Orders, amongst other statutory requirements. Defendants knowingly and intentionally failed to provide Plaintiff and the Class members with such timely and accurate wage and hour statements.

97. Plaintiff and the Class members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide an accurate wage statement, failed to provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9),

inclusive, and the Plaintiff and Class members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

98. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

99. Therefore, as a direct and proximate cause of Defendants' violation of Labor Code § 226(a) and paragraphs 4(b), 7, and 20 of the applicable IWC Wage Orders, the Employees in the Class suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

100. Pursuant to Labor Code §§ 226(a) and 226(e), and paragraph 20 of the applicable IWC Wage Order, Plaintiff and the Employee Class members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate

penalty of four thousand dollars ($4,000) under Section 226(e). They are also entitled to an award of costs and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**

**FAILURE TO KEEP REQUIRED PAYROLL RECORDS, LABOR CODE §§ 1174, 1174.5**

**(Against All Defendants)**

101. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

102. California Labor Code § 1174 requires that all employers shall keep accurate time and wage records for all employees. California Labor Code § 1174.5 further requires that any employee suffering injury due to a willful violation of the aforementioned obligations may seek damages, including civil penalties, from the employer.

103. During the course of Plaintiff's and Employees' employment, Defendants consistently failed to maintain accurate time and wage records for Plaintiff and Class Members as required by California Labor Code § 1174 by failing to pay them proper wages, overtime, and premium pay as discussed above and failing to document and pay for actual hours worked.

104. Defendants are also required by the California Labor Code § 1198 and the applicable Wage Order to maintain a tracking system that accurately records the times during which Employees work.

105. Defendants have maintained a common unlawful policy and practice of failing to accurately record all hours worked and all meal period start and end times.

106. Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them.

107. Accordingly, Defendants are liable for civil penalties pursuant to the California Labor Code including § 1174.5, for the three years prior to the filing of this Complaint.

///

///

///

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 204**

**(Against All Defendants)**

108. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

109. Labor Code § 204 instructs that: "All wages, …earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." Additionally, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period." As detailed above, Defendants maintained a consistently applied policy and practice of not paying all wages earned between the 1st and 15th days of a month between the 16th and 26th day and failed to pay all wages earned between the 16th and the last day of the month between the 1st and 10th day of the following month. Defendants similarly failed to pay all wages earned by not more than seven calendar days following the close of the payroll period.

110. All wages due and owing to Plaintiff and the Class members, including as required under Labor Code § 510, were therefore not timely paid by Defendants. Additionally, wages required by Labor Code § 1194 and other sections became due and payable to each employee in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled.

111. Defendants violated Labor Code § 204 by systematically refusing to timely pay wages due under the Labor Code, as addressed above. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than

those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

112. As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of wages in amounts to be determined at trial, and they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 204, 210, 218.5, 1194 and 1198, and paragraphs 4(B) and 20 of the applicable IWC Wage Orders.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(Against All Defendants)**

113. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

114. Plaintiff and numerous Class members are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

115. Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two hours of resignation. The wages withheld from these Employees by Defendants remained due and owing for more than thirty days from the date of separation from employment.

116. Defendants thus failed to pay Plaintiff and the Class members without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all regular and overtime wages, including by Defendants failing to pay for all hours worked or requiring off the clock work or by unlawfully under-recording time entries to the detriment of Employees, and Defendants failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

///

117. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members may therefore pursue damages and penalties for violations of Labor Code § 203 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders. Additionally, under Labor Code § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less than $100 for causing Employees "to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission" or if the employer pays "a wage less than the minimum fixed by an order of the commission" or "violates…any provision of this chapter or any order or ruling of the commission."

118. Defendants' failure to pay wages, as alleged, entitles Plaintiff and these former Employee Class members to penalties under Labor Code § 203 and the applicable paragraphs of the IWC Wage Orders as addressed above, including the requirement that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

## NINTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 212 and 213

## (Against All Defendants)

119. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

120. Labor Code § 212 states that no employer "shall issue in payment of wages due" by "order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state."

121. Defendants failed to pay Plaintiff and Class Members with an order, check, draft, note, memorandum, or other acknowledgment of indebtedness that was payable on demand, without discount at some established place of business in the state. Defendants issued pay cards to Plaintiff

and Class Members for wages earned. These pay cards were useable for a fee and did not have a provision for use and payment in California at no cost to the employee. Therefore, Defendants failed to provide Plaintiff and Class Members with checks, drafts, notes or other acknowledgements of indebtedness that were payable on demand without discount as required by Labor Code § 212, which required Plaintiff and Class Members to incur fees to use, was not fully cashable, and not usable at all financial institutions.

122. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and Class Members in a civil action for damages and wages owed and for costs and attorneys' fees under Labor Code §§ 212 and 213.

**TENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 221**

**(Against All Defendants)**

123. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

124. Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

125. Defendants unlawfully received and/or collected wages from the Employees in the Class by requiring off the clock work, by miscalculating overtime, and by not paying one hour of pay at the regular rate of compensation for every meal and rest period violation endured by Plaintiff and the other Class members, as alleged above. By not compensating Employees for all hours worked and meal and rest period premiums, Defendants unlawfully deducted wages earned in violation of Labor Code § 221.

126. As a direct and proximate cause of the unauthorized deductions, Employees have been damaged, in an amount to be determined at trial.

///

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE SUITABLE SEATING**

**LAB. CODE § 1198; 8 C.C.R. § 11070(7)**

**(Against All Defendants)**

127. Plaintiff incorporate by reference every allegation in this complaint as if fully set forth herein.

128. Labor Code § 1198 provides that it is illegal to employ an employee for "longer hours than those fixed by the [applicable wage order] or under conditions of labor prohibited by the [applicable wage] order."

129. The applicable Wage Order provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." Id. § 11070(14)(A) (emphasis added). Further, "[w]hen the employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties." Id. § 11070(14)(B) (emphasis added).

130. Defendants' policy prohibiting employees from sitting on the stools absent a doctor's note indicating a medical necessity to sit, plus its policy of failing to provide sufficient suitable seating in reasonable proximity to the work area, violated Labor Code §1198.

**TWELFTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES LABOR CODE § 2802**

**(Against All Defendants)**

131. Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

132. Plaintiff is informed and believes and based thereon alleges that throughout the period applicable, Defendants required Plaintiff and the Class members to pay for necessary work related expenses they incurred. These included the cell phone-related expenses Plaintiff and the Class members incurred in responding to calls from management. Plaintiff and the Class members must be

reimbursed for these necessary business expenses under Labor Code § 2802 and Defendants systematically failed to do so.

133. Defendants thus followed a uniform policy and practice of failing to reimburse Employees for these necessary work related expenses or losses incurred in direct discharge of their job duties during employment with Defendants and at the direction of the Defendants pursuant to Labor Code § 2802(a) and the applicable IWC Wage Orders, paragraph 9.

134. Defendants' knowing and willful failure to reimburse lawful necessary work related expenses and losses to Plaintiff and the Class members resulted in damages because, among other things, Defendants did not inform employees of their right to be reimbursed for those work related expenses. As Defendants failed to inform and misled Plaintiff and the Class members with regard to their rights, Plaintiff and the Class members were led to believe that incurring those lawful and necessary expenses was an expected and essential function of their employment with Defendants and that failure to incur those expenses would have adverse consequences on their employment.

135. Therefore, Plaintiff and the Class members are entitled to reimbursement for any and all necessary work related expenses, as provided for in Labor Code § 2802(b) and paragraph 9 of the applicable IWC Wage Orders, incurred during the direct discharge of their duties while employed by Defendants, as well as accrued interest on those expenses that were not reimbursed from the date Plaintiff and the Class members incurred those expenses. Further, Plaintiff and the Class members are entitled to costs and attorney's fees pursuant to Labor Code § 2802(c).

**THIRTEENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**(Against All Defendants)**

136. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein. Plaintiff, on behalf of herself, the Employees in the Class, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

137. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

138. Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate Plaintiff and Class members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code §§ 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

139. Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

140. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

141. Defendants' conduct, as alleged above, constitutes unfair competition in violation of the Business & Professions Code § 17200 *et seq*.

///

142. Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore, their conduct violates the Business & Professions Code § 17200 *et seq*.

143. By the conduct alleged herein, Defendants have engaged and continue to engage in a business practice which violates California and federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor Code including Sections 204, 226, 226.7, 510, 512, 1194, 1197, and 1198 for which this Court should issue declaratory and other equitable relief pursuant to California Business & Professions Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

144. As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

145. Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1. For an order certifying this action as a class action;

2. For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3. For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

///

4. For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

5. For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6. For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7. For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

8. For restitution and/or damages and penalties for Defendants' failure to pay all wages due twice monthly under Labor Code § 204, as may be proven;

9. For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code § 221, as may be proven;

10. For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

11. For penalties pursuant to Labor Code § 1198 for Employees, as may be proven;

12. For penalties pursuant to Labor Code § 1174.5, as may be proven;

13. For penalties pursuant to Labor Code §§ 226 and 1198.5, as may be proven;

14. For damages and restitution for failure to reimburse all reasonable and necessary business expenses incurred by Employees as required by Labor Code § 2802, as may be proven;

15. For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq*., including disgorgement or profits, as may be proven;

16. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

17. For other wages and penalties under the Labor Code as may be proven;

18. For all general, special, and incidental damages as may be proven;

19. For an award of pre-judgment and post-judgment interest;

20. For an award providing for the payment of the costs of this suit;

21. For an award of attorneys' fees; and

22. For such other and further relief as this Court may deem proper and just.

DATED: November 6, 2025

**D.LAW, INC.**

By ______________________

Alvin B. Lindsay
William Tran
Attorneys for Plaintiff SHARDE MONCREASE and the putative class

**DEMAND FOR JURY TRIAL**

Plaintiff SHARDE MONCREASE hereby demands trial of her claims by jury to the extent authorized by law.

DATED: November 6, 2025

**D.LAW, INC.**

By ______________________
Alvin B. Lindsay
William Tran
Attorneys for Plaintiff SHARDE MONCREASE and the putative class